# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FRED E. CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV753 CDP |
| | ) | |
| ST. LOUIS BOARD OF POLICE, | ) | |
| COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Fred Christian for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the City of St. Louis, the St. Louis Board of Police Commissioners (the "Board"), the Missouri Department of Revenue (the "Department"), Bette Battle Turner (Member, the Board), Francis Slay (same), Col. Richard Gray (same), Col. Jerry Lee (same), and Col. Thomas Irwin (same). Plaintiff sues the Board members in their individual and official capacities. Plaintiff seeks monetary and injunctive relief.

Plaintiff asserts that on April 16, 2006, the Board members filed false affidavits with the Department stating that plaintiff's vehicle was towed by the police department and that it had been abandoned. Plaintiff says that the Board members then sold the vehicle to U-Wrench It, a salvage company. Plaintiff alleges that the

-2-

Board members filed a false affidavit stating that plaintiff had been noticed by certified mail of the sale.

Plaintiff claims that in 2010 the Department refused to issue him a title on the vehicle. He also claims that in 2010 the Department cancelled the license plates on the vehicle.

## Discussion

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's claims regarding the Board member's actions in 2006 occurred more than five years before the complaint was filed. As a result, these claims are barred by the statute of limitations and will be dismissed under 28 U.S.C. § 1915(e).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy

or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to the individual members of the Board. Moreover, the complaint fails to state a claim against the City of St. Louis for this reason as well.

The complaint is legally frivolous as to the St. Louis Board of Police Commissioners because it is not a suable entity. Edwards v. Baer, 863 F.2d 606, 609 (8th Cir. 1988).

Finally, the complaint is legally frivolous as to the Missouri Department of Revenue. E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel [Doc. #2 and #6] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of July, 2013.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE